# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51166

| | |
|---|---|
| STATE OF IDAHO,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>STANLEY JOSEPH SEPANSKI,<br><br>Defendant-Appellant. | )<br>)  **Filed: August 18, 2025**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Susie Jensen, District Judge.

Order revoking probation, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

———————————————

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

———————————————

PER CURIAM

Stanley Joseph Sepanski pled guilty to concealment of evidence. I.C. § 18-2603. In exchange for his guilty plea, additional charges were dismissed including an allegation that he is a persistent violator. The district court sentenced Sepanski to a unified term of four years, with a minimum period of confinement of two years, but after a period of retained jurisdiction, suspended the sentence and placed Sepanski on probation. Subsequently, Sepanski was found to have violated the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Sepanski filed an I.C.R. 35 motion for reduction of his

1

sentence, which the district court denied. Sepanski appeals, contending that the district court abused its discretion in revoking probation and in denying his I.C.R. 35 motion for reduction of sentence.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in either revoking probation or in denying his I.C.R. 35 motion. Therefore, the order revoking probation and directing execution of Sepanski's previously

suspended sentence and the order denying his I.C.R. 35 motion for reduction of sentence are affirmed.